**SO ORDERED.**

**SIGNED July 18, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

IN RE:

LANE SAVOIE
JOSETTE SAVOIE                           CASE NO. 04-52664

     Debtors                             CHAPTER 13
------------------------------------------------------------------
                      REASONS FOR DECISION
------------------------------------------------------------------
```

Lane Savoie and Josette Savoie ("Debtors") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[1] on October 31, 2004, and on that day an order for relief was duly entered. Keith A. Rodriguez ("Trustee") is the standing chapter 13 trustee.

The schedules filed by the Debtors reflect ownership of four vehicles, namely, a 1999 Chevrolet Suburban, a 1996 Ford F-150, a

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

1995 Freightliner, and a 1996 Freightliner.  The Debtors have claimed the Ford and both Freightliners as exempt property.

The Trustee timely filed an **OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS** ("Objection").  A hearing on the Objection was held on March 23, 2005.  After hearing argument from counsel, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana.  No party in interest has requested a withdrawal of the reference.  The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW AND ANALYSIS

Louisiana is an "opt out" state as its legislature, pursuant to the authority of section 522(b), determined that persons filing for bankruptcy in Louisiana could claim only those exemptions permitted by state law and federal law other than title 11.[2]  In

---

[2]LSA-R.S. 13:3881B(1)

Page 2

accordance with this limitation, the Debtors claimed the three vehicles as exempt property, basing the exemption on Louisiana's general exemption statute, LSA-R.S. 13:3881A(2). That statute provides, in relevant part:

> A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
>
>     \*     \*     \*
>
> (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
>
> (a) Tools.
>
>     \*     \*     \*
>
> (d) Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his family household. The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make and model. The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.

The Trustee takes the position that the Debtors are not entitled to claim an exemption to more than one vehicle. The Trustee further points out that neither of the Debtors drive either of the Freightliner trucks as both have full-time employment elsewhere. Although not clear from the record, it appears that those trucks are operated by independent contract drivers. It further appears that the Ford F-150 and the Suburban are the vehicles the Debtors use for their personal transportation.

Page 3

The Debtors on the other hand contend that since they derive income from the operation of the Freightliners, the statute is satisfied since the trucks are "property necessary to the exercise of a trade, calling or profession by which he earns his livelihood." Further, the Debtors argue that while the Louisiana exemption statute specifically allows the claim of an exemption to a motor vehicle under R.S. 13:3881A(2)(d), nothing precludes the Debtors from claiming an exemption to other vehicles as "tools" pursuant to R.S. 13:3881A(2)(a).

### A. MAY A LOUISIANA DEBTOR CLAIM A MOTOR VEHICLE AS EXEMPT PURSUANT TO LSA-R.S. 13:3881A(2)(A) ?

Exemptions are allowed under LSA-R.S. 13:3881A(2) with respect to "property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood." The statute, however provides that such property "shall be limited to the following:", and then follows five subparagraphs identifying particular items. Subparagraph (a) merely says "Tools." Subparagraph (d), however, is very specific[3], in restricting the number of motor vehicles which may be claimed as exempt— "one motor vehicle per household, used by the debtor and his family household."

---

[3]This is not to say that R.S. 13:3881A(2)(d) is not without a degree of confusion. That confusion, however, is not with respect to how many motor vehicles may be claimed as exempt.

Page 4

R.S. 13:3881A(2)(d) was recently amended by the Louisiana Legislature to restrict a debtor's right to a motor vehicle exemption to a single motor vehicle per household. To allow an exemption of multiple motor vehicles by claiming such as "tools" under R.S. 13:3881A(2)(a) would virtually negate the more recent amendment. The clear legislative intent is to restrict debtors to one motor vehicle. To allow a debtor to claim one vehicle under subparagraph (d) and multiple vehicles under subparagraph (a) would amount to a subversion of the statute.

The court concludes that the only sensible interpretation of the Louisiana statute is to allow but one motor vehicle per household to be claimed as exempt.

**B. DOES EITHER FREIGHTLINER SATISFY THE REQUIREMENTS OF LSA-R.S. 13:3881?**

At first blush, the fact that the Freightliners produce income for the Debtors appears to satisfy the language of the statute that the property is "necessary to the exercise of a trade, calling, or profession by which he earns his livelihood." However, as was pointed out above, this language is modified by limiting the exemption to specific properties. Thus, for the exemption to apply under subparagraph (d), the motor vehicle must be "used by the debtor and his family household." The statute, however, adds the following language: "The one motor vehicle may be used in

Page 5

exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood."

Does the fact that neither Debtor physically operate the Freightliners disqualify the vehicles as tools of the trade under subparagraph (d)?  Although the Freightliners are used in exercising a trade, calling or profession, they are not used by the Debtors or their household.  If the court were to allow the claimed exemption to the Freightliners, the phrase "used by the debtor and his family household," would have no meaning.  The court clearly cannot interpret and apply the statute in a manner which would render a portion of the statute meaningless.  The court therefore concludes that neither Freightliner qualifies as a tool of the trade as neither is physically operated by either Debtor.

For the foregoing reasons, the Objection is **SUSTAINED**.  The claimed exemptions to the 1995 Freightliner and the 1996 Freightliner are **DISALLOWED**.  The Debtors are entitled to claim an exemption to $7,500 in equity in the 1996 Ford F-150.  A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###